Madhu BALA; Mohit Chopra; Gagan Chopra, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–73619.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 20, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Hector M. Roman, Jr., Esq., Roman & Singh, LLP, Jackson Heights, NY, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Robin E. Lawrence, Esq., U.S. Department of Justice Env. & Natrl. Resources Div./Enf. Sec., Washington, DC, for Respondent.

Before: O'SCANNLAIN, CLIFTON and BEA, Circuit Judges.

MEMORANDUM [**]

Madhu Bala and her sons Mohit Chopra and Gagan Chopra, natives and citizens of India, petitions for review of the Board of Immigration Appeals' decision, adopting and affirming the Immigration Judge's ("IJ") denial of their application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We conclude that we have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

Substantial evidence supports the IJ's adverse credibility determination because Bala's testimony and declaration were inconsistent regarding matters that go to the heart of her asylum claim. See Chebchoub v. INS, 257 F.3d 1038, 1043 (9th Cir.2001). Furthermore, the adverse credibility finding is supported because Bala failed to corroborate her testimony with easily-available, material evidence, such as her husband's published newspaper articles.

See id. at 1045. Accordingly, Bala is not eligible for asylum.

Because Bala failed to demonstrate eligibility for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Bala's CAT claim is based on the same evidence that the IJ found not credible, and she points to know other evidence that the IJ should have considered in making the CAT determination, her CAT claim also fails. See id. at 1157–58.

**PETITION FOR REVIEW DENIED.**

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

